stockholders, prior to the subscription of the plaintiff, to have it reduced to the charter value of the shares. This would take from him nearly one-third of his shares.

The contract of the plaintiff is executory. He occupies a point which gives him the option to pay the money, and carry out the contract, or to stand on the matters in bar, which he has set up in his plea. He has taken the latter ground, and it is for the court to say whether it is maintainable.

[This stock was purchased from the plaintiff by the defendant at less than its par value; but a stockholder may sell his stock at any price he may think proper. Such sale affects no one's interest but his own. In this respect it is like all other property over which the owner may exercise his discretion.] 2

The defendant seems to have done nothing to preclude him from the defense set up in his plea, which stands admitted by the demurrer, and which, in my judgment, is a sufficient answer to the action.

The demurrer is overruled.

Consult Otter v. Brevoort Petroleum Co., 50 Barb. 247; also, Cases Nos. 4,956 and 13,569.

---

## Case No. 13,569.

### STURGES v. STETSON.

[See Case No. 13,568.]

---

STURGES (UNITED STATES v.). See Case No. 16,414.

---

## Case No. 13,570.

### STURGES et al. v. VAN HAGEN.

[6 Fish. Pat. Cas. 572;[1] 4 O. G. 579.]

Circuit Court, N. D. Illinois. Oct., 1873.

PATENTS—SUIT TO DECLARE VOID—FIRST INVENTOR—FORM OF DECREE.

1. Letters patent granted Isaac Van Hagen, April 25, 1871, for "improvement in machines for punching and stamping metal," held to be null and void, and ordered to be canceled and returned to the secretary of the interior.

2. Form of decree in declaring a patent void, and ordering the same canceled, under section 58 of the act of July 8, 1870 [16 Stat. 207].

In equity. Final hearing on pleadings and proofs. Suit brought under section 58, act of July 8, 1870, by Frank Sturges, Oliver H. Lee, and William S. Potwin, assignees of Frederick M. Huntington, of his interest in the patent granted him September 3, 1872, for "improvement in machines for punching and stamping metals," No. 131,004, against Isaac Van Hagen, the patentee and owner of the patent granted him April 25, 1871, for "improvement in machines for pressing and stamping sheet-metal," No. 114,068, to set aside the said pat-

2 [From 15 Leg. Int. 404.]
1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

ent granted Van Hagen. Van Hagen and Huntington had been employed at the same time in the shop of Sturges & Co., and both claimed to have then made the invention. Van Hagen applied for a patent, and received it in June, 1871. Afterward, Huntington applied for a patent on the same machine, was put into interference with Van Hagen, and was finally declared by the patent office, the first inventor, and a patent issued to him September 3, 1872. The facts in relation to the interference are stated in the opinion of the commissioner, in the case of Huntington v. Van Hagen, 2 O. G. 116. After the grant of the patent to Huntington, it was assigned to Sturges & Co., who brought suit to set aside the patent of Van Hagen.

The following is the decree of THE COURT:

This cause having come on to be heard upon the bill of complaint, answer, and replication herein, and the proofs, documentary and written, taken and filed in said cause, now, therefore, on consideration thereof, and on motion of N. C. Gridley, counsel for complainant, it is ordered, adjudged, and decreed, and the court doth hereby order, adjudge, and decree, that the letters patent of the United States of America, No. 114,068, bearing date April 25, A. D. 1871, and issued to the said defendant, Isaac Van Hagen, be, and the same is hereby revoked, vacated, and declared null and void, and of no effect, and that the said defendant Isaac Van Hagen, be, and is hereby divested of all right and interest he had, under and by virtue of said letters patent, in and to the "improvement in machines for punching and stamping metal," therein described.

And it appearing to the court, from admissions of the parties made on the hearing, that said defendant is the sole owner of said patent, it is further ordered, adjudged, and decreed that the said defendant, Isaac Van Hagen, do, within sixty days from the date hereof, surrender and deliver up to the clerk of this court the said letters patent No. 114,068. And thereupon the said clerk shall write with ink across the face of said letters patent the words, "Revoked, vacated, and declared null and void by the circuit court of the United States of America for the Northern district of Illinois," and shall then transmit the said letters patent, so canceled, properly enveloped, to the "secretary of the interior of the United States of America, Washington, D. C." And it is further ordered, adjudged, and decreed that the record of the said letters patent No. 114,068 be canceled, quashed, and annulled.

And it is further ordered that the clerk of this court, after the expiration of sixty days from the date hereof, do transmit to the secretary of the interior, Washington, D. C., a certified copy of this decree.

And it is further ordered, adjudged, and decreed that the said complainants do recover of the defendant their costs and disbursements in this suit to be taxed.